%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TALEAH BRYANT

**DEFENDANTS**
Police Officer Deona Carter and City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff   **PHILADELPHIA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Leonard Villari/Thomas Lynam, Villari,Lentz&Lynam, LLC, 1600 Market St.,Ste.1800,Phila.,PA 19103

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 Pa CS Section 1983
Brief description of cause:
Civil rights violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 08/19/2011

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5910 Chestnut Street, Apt. 2, Phila., PA 19139

Address of Defendant: 1515 Arch Street, 14th Floor, Phila., PA 19102

Place of Accident, Incident or Transaction: Philadelphia County
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No XX

Does this case involve multidistrict litigation possibilities?   Yes☐  No XX

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No XX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No XX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No XX

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No XX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. XX Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Thomas Lynam, Esquire , counsel of record do hereby certify:

XX Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/19/2011   _____[signature]_____   83817
                   Attorney-at-Law                              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/19/2011   _____[signature]_____   83817
                   Attorney-at-Law                              Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TALEAH BRYANT | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA and | : | |
| POLICE OFFICER DEONA CARTER | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       XXXX

| | | |
|---|---|---|
| 8/19/201 | Leonard Villari/Thomas Lynam | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| (215) 568-1990 | (215) 568-9920 | tlynam@vll-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TALEAH BRYANT<br>5910 Chestnut Street, Apt. 2<br>Philadelphia, PA 19139<br><br>vs.<br><br>CITY OF PHILADELPHIA,<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>       and<br>POLICE OFFICER DEONA  S. CARTER<br>18th Police District<br>5510 Pine Street<br>Philadelphia, PA 19143 | CIVIL ACTION<br><br>NO.: |

## CIVIL ACTION COMPLAINT

Plaintiff, Taleah Bryant, by and through her undersigned attorneys, Villari, Lentz & Lynam, LLC, says by way of Complaint against Defendants, as follows:

**I.     PARTIES**

1.     Plaintiff, Taleah Bryant, is an adult female, sui juris, and citizen of the Commonwealth of Pennsylvania, with an address of 5910 Chestnut Street, Apartment 2, Philadelphia, PA 19139.

2.     Upon information and belief, Defendant, City of Philadelphia, is a municipality and/or jural entity organized and existing under the laws of Pennsylvania, with a business address at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

3.     Upon information and belief, Defendant, Police Officer Deona S. Carter (hereinafter "Defendant, Carter"), is an adult female, sui juris, and citizen of the Commonwealth of Pennsylvania and a Philadelphia Police Officer with the 18th Police District with a business

address of 5510 Pine Street, Philadelphia, PA 19143.

4. At all times relevant hereto, Defendant, Carter, who is being sued in both her individual and official capacities, acted by and through her actual or apparent employees, servants and/or agents, who were in the course and scope of their actual or apparent employment, service and/or agency with Defendant, City of Philadelphia.

5. At all times relevant hereto, the City of Philadelphia was acting under color of state law and had the responsibility for managing its officers, and employees, training, disciplining, and setting official policy for the Police Department, its employees, and Plaintiff's custodians and apprehenders.

6. At all times relevant hereto, Defendant Carter was acting under color of state law and had the responsibility of observing and protecting the constitutional rights of Plaintiff, Taleah Bryant.

## II.   JURISDICTION

7. This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C.A. § 1331, as Plaintiff seeks relief in accordance with 42 U.S.C. §1983.

8. This Honorable Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367.

## III.   FACTS

9. At all times material hereto, Plaintiff, Taleah Bryant, is the first cousin of Defendant, Carter, and the niece of Defendant, Carter's mother, Deidre Carter.

10. During the spring of 2006, Taleah Bryant was a twenty-three (23) year-old mother of two (2) who recently gave birth to their third child.

11. During that same time period, Ms. Bryant's aunt, Deidre Carter, and her new husband wanted a child of their own.

12. Outrageously, Deidre Carter demanded that Ms. Bryant give her newborn baby up to Deidre Carter and her husband.

13. Of course, Ms. Bryant adamantly refused, but was still willing to let her aunt see and go out with her baby, Taykiaha Gardner.

14. Ms. Bryant later learned that certain members of Defendant, Carter's family planned on disseminating a story and/or filing false charges against Ms. Bryant that she abused her children.

15. Immediately, to protect her family and her reputation, Ms. Bryant confronted Defendant, Carter, and Deidre Carter and told them that allegations of any abuse were completely untrue and that they could no longer see Ms. Bryant's children.

16. Only a few days after the aforementioned confrontation, a band of police officers showed up at Ms. Bryant's residence to arrest her for allegedly making "Terroristic Threats with the Intention to Terrorize Another."

17. During processing, when asked if Ms. Bryant knew Defendant, Carter, she told the arresting officers that Defendant, Carter, is her cousin.

18. One of the arresting police officers responded, "Oh Carter, you did it this time."

19. Defendant, Carter, had filed false criminal charges against her cousin.

19. Scared and confused, Ms. Bryant asked the police officer what to do.

20. The police officer responded, "We already processed you, but don't worry about it, we have to put you through the system."

21. Ms. Bryant was terrified that she was going to go to jail, that she was going to lose her baby, and that Defendant, Carter, was going to severely injure or kill her.

22. Ms. Bryant's fear and anxiety became so severe that she was too scared and intimidated to even appear at her criminal trial initially scheduled for July 6, 2006.

22. Specific instances of Defendant, Carter's acts of intimidation directly causing Ms. Bryant's fear and intimidation, include, but are not limited to:

    a. Defendant, Carter, sitting on her (Carter's) front steps with her police issued firearm laying on the step next to Carter;

    b. Having Ms. Bryant's boyfriend arrested by Defendant, Carter's former partner;

    c. Multiple police stops of Ms. Bryant and her boyfriend while walking to the local store and generally in and around the neighborhood; and

    d. Verbal threats to Ms. Bryant relayed through other family members that Ms. Bryant was going to lose her baby.

23. As a result of Ms. Bryant's inability to appear at trial on July 6, 2006, a bench warrant was issued for her arrest.

24. The Philadelphia District Attorney's Office subsequently lifted Ms. Bryant's bench warrant and her criminal trial was rescheduled multiple times before the criminal charges were ultimately withdrawn for Defendant, Carter's failure to appear in July, 2010, the time when Plaintiff's claims for civil rights violations, including, but not limited to her claim for malicious prosecution began to accrue. *See Taylor v. Officer Richard Webb*, 2003 U.S. Dist. LEXIS 15501.

25. However, during the four (4) year period from July, 2006 through July, 2010 that Ms. Bryant awaited trial, Defendant, Carter's intimidation of Ms. Bryant only intensified, and the

acts referenced in Paragraph 22, above, continued, fraudulently and improperly concealing the actions of the Defendants while serving to cause Ms. Bryant to relax her vigilance and/or deviate from her right to inquire into the facts in question.

26. Worse yet, Defendant, Carter, acting under the color of state law, repeatedly and systematically intimidated and threatened Ms. Bryant verbally and physically with violence, using her police-issued firearm and contacts at the police department among other things, directly causing Plaintiff to fully believe that any further complaints to the police department or any civil lawsuits would be immediately met with retaliation and physical harm and injury to Plaintiff from Defendant, Carter, and other member of the Philadelphia Police Department.

27. Immediately following her false arrrest, Ms. Bryant went to the Internal Affairs Division of the Philadelphia Police Department in an attempt to protect herself and her family by filing a Citizen's Complaint against Defendant, Carter.

28. At the Internal Affairs Division, Ms. Bryant was told that her only available remedy was to go to the local police district located at 55th and Pine Streets and ask for the supervisor on duty to get a "pink form" filled out to mail to the Internal Affairs Division.

29. At the direction of the Internal Affairs Division, Ms. Bryant went to the aforementioned police district with Sharon Davis, the paternal grandmother of her baby, Taykiaha, and asked for the supervisor on duty.

30. Ms. Bryant and Ms. Davis were directed to a front counter where they were met by the supervisor, a middle-aged African American male, who asked how he could assist them – – all the while, Defendant, Carter, was seated at a desk behind the supervisor.

31. Ms. Bryant advised the supervisor what she advised by the Internal Affairs Division and requested a "pink form" so she can make a citizen's complaint.

32. The supervisor asked Ms. Bryant who she wanted to make a complaint against, at which point, Plaintiff pointed over the supervisor's shoulder and stated "Her, Police Officer Deona Sharmane Carter."

33. At this point, Defendant, Carter lowered her head and refused to make eye contact with Plaintiff or the supervisor.

34. The supervisor, in response ot this exchange, responded "I am not giving you any form," again, fraudulently and improperly concealing the actions of Defendants, and serving to further intimidate Ms. Bryant and cause her to relax her vigilance and/or deviate from her right to inquire into the facts in question.

35. For the next four (4) years, until the criminal charges in question were finally withdrawn for Defendant, Carter's failure to appear at trial, Ms. Bryant had to live each day with malicious prosecution, ongoing and systematic acts of intimidation from Defendant, Carter, the fears of losing her baby and personal freedom, severe depression and the inability to obtain employment because of her resultant criminal record which will further require her to retain a criminal attorney to pursue an expungment.

36. At all times relevant hereto, Defendant, Carter, acted under color of state law and with deliberate and/or reckless indifference to Ms. Bryant's constitutional rights.

37. At all times material hereto, Defendant, Carter, had a history of behavior, which was known to the Philadelphia Police Department, consisting of the following:

   a. A twenty (20) day suspension for two counts of Conduct Unbecoming an Officer for providing false information to police in an attempt to have an innocent person falsely arrested for assault after Defendant, Carter, started a physical confrontation by punching a citizen, as was witnessed by another police officer;

      b.    Fourteen (14) reported uses of force;

      c.    Eleven (11) complaints filed by citizens against Officer Carter;

      d.    An Official Reprimand for Neglect of Duty;

      e.    Allegations that Defendant, Carter, had a relationship with known drug dealers; and

      f.    Allegations that Defendant, Carter, had a relationship and smoked marijuana with a convicted felon with an open criminal case and an outstanding warrant for his arrest. It was further alleged that, following a 1:50 a.m. bar fight involving Defendant, Carter, and the aforementioned wanted felon, she blocked in the vehicle he was operating and smashed the windshield with her police night stick.

## COUNT I
## CIVIL RIGHTS VIOLATIONS
## MALICIOUS PROSECUTION
## TALEAH BRYANT v. ALL DEFENDANTS

38.    Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

39.    The conduct of the defendants as set forth above, acting under color of state law, was intended to harm Ms. Bryant and/or was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Ms. Bryant, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to members of the public and to Ms. Bryant, and was so egregious as to shock the conscience.

40.    The conduct of the defendants as set forth above violated Ms. Bryant's constitutional rights to be free from malicious prosecution, unreasonable searches and seizures, rights to bodily integrity, rights to care in custody, rights to be free from cruel and unusual

punishment, rights to privacy, right to liberty, right to be free from false imprisonment and to substantive and procedural due process, as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983.

41.     The actions of the Defendants, as described above, were undertaken in bad faith and with a deliberate indifference to and callous disregard of Plaintiff's constitutional rights in that the Defendants, among other things:

 a. maliciously prosecuted Plaintiff by initiating a criminal proceeding which ended in Plaintiff's favor which was initiated without probable cause that said Defendants acted maliciously and/or for a purpose other than bringing Plaintiff to justice.

 b. assaulted Plaintiff and filed criminal complaints and/or charges against her when there was absolutely no trustworthy or fair probability that she had committed a crime;

 c. conspired in callous disregard for the safety of the Plaintiff to cover up the assault by fabricating a story that Plaintiff made terroristic threats with the intention to terrorize and thereby deprived Ms. Bryant of her constitutional right to access to the courts;

 d. violated Plaintiff's substantive due process rights;

 e. intentionally veiling and failing to report the incident as it occurred;

 f. intentionally and recklessly exposing Plaintiff to a state created danger;

 g. intentionally and recklessly failing to memorialize and/or file the proper incident reports in accordance with State law and administrative regulations;

    h.      recklessly fostering abuse and misconduct by and between police officers that would foreseeably lead to more misconduct against innocent citizens;

    i.      exhibiting a willful disregard for the safety of Plaintiff;

    j.      used its authority to conceive, draft, implement and enforce policies that created an opportunity for danger in the form of excessive and unwarranted uses of force by police officers;

    k.      had in force policies and customs that permitted the assault and false arrest of an innocent citizen;

    l.      wasting the time and resources of both the Plaintiff and the City of Philadelphia to process fictitious charges against Plaintiff;

    m.      intentionally concealing their unlawful conduct by intimidating the Plaintiff so as to prevent her from revealing said unlawful conduct; and

    n.      intentionally concealing their unlawful conduct by refusing to allow Plaintiff to file a formal complaint against Defendant, Carter.

42. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has suffered injuries which include, but are not limited to, the following: false arrest; detention against her will without legitimate basis; loss of personal freedom; fear and anxiety; anxiety attacks; depression; sleeplessness; severe emotional distress; damage to the nerves and nervous system; emotional pain and suffering; loss of earnings and earning potential; injury to her reputation as a citizen; embarrassment; psychological injury; loss of time dedicated to defending the frivolous charges; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on her for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

43. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has or may suffer a severe loss of earnings and impairment of earning power and capacity.

44. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has suffered medically determinable physical and/or mental impairments which prevent the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

45. As a direct result of the Defendants' actions and/or failure to act Plaintiff, has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

46. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages, jointly and severally, together with attorney fees and costs, pre and post judgment interest. Plaintiff hereby certifies pursuant to Local Civil Rule 53.2 §3(c)(2) that the value of Plaintiffs claim is in excess of $150,000.00.

## COUNT II
### NEGLIGENCE
### TALEAH BRYANT v. THE CITY OF PHILADELPHIA

47. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

48. Defendant, Carter, engaged in willful misconduct in that she desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.

49. Pursuant to 42 Pa.C.S. § 8550, the willful misconduct of Defendant, Carter, serves to waive any immunity or limitation on damages that the municipal defendants would have otherwise enjoyed under the Political Subdivision Tort Claims Act.

50. The negligence, carelessness and recklessness of the Defendant includes inter alia, the following:

    a) failing to properly train its officers on the appropriate use of force;

    b) failure to properly train its officers on the need to establish probable cause prior to arrest;

    c) failure to properly supervise the officers that assaulted Ms. Bryant;

    d) failure to draft, implement and enforce policies that would serve to eliminate the use of excessive force;

    e) failure to draft, implement and enforce policies that would serve to prevent the falsification of reports by its officers;

    f) failure to comply with police standards;

    g) failure to adequately train its workforce; and

    h) is otherwise negligent in law and in fact.

51. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has suffered injuries which include, but are not limited to, the following: false arrest; detention against her will without legitimate basis; loss of personal freedom; fear and anxiety; anxiety attacks; depression; sleeplessness; severe emotional distress; damage to nerves and nervous system; emotional pain and suffering; loss of earnings and earning potential; injury to her reputation as a citizen; embarrassment; psychological injury; loss of time dedicated to defending the frivolous charges; as well as other permanent physical and psychological disorders that will

continue to have an adverse impact on her for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

52. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has or may suffer a severe loss of earnings and impairment of earning power and capacity.

53. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has suffered medically determinable physical and/or mental impairments which prevent the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

54. As a direct result of the Defendants' actions and/or failure to act Plaintiff, has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

55. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages, jointly and severally, together with attorney fees and costs, pre and post judgment interest. Plaintiff hereby certifies pursuant to Local Civil Rule 53.2 §3(c)(2) that the value of Plaintiffs claim is in excess of $150,000.00.

## COUNT III
### ASSAULT, BATTERY AND FALSE IMPRISONMENT
### TALEAH BRYANT v. DEFENDANT, CARTER

56. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

57. Defendant, Carter, engaged in willful misconduct in that she desired to bring

about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.

58. Pursuant to 42 Pa.C.S. § 8550, the willful misconduct of Defendant, Carter, serves to waive any immunity or limitation on damages that the municipal defendants would have otherwise enjoyed under the Political Subdivision Tort Claims Act.

59. Plaintiff hereby alleges that the aforementioned actions by Defendant, Carter, constituted the torts of assault, battery and false imprisonment.

60. Plaintiff hereby alleges that the aforementioned actions by Defendant, Carter, constituted the false imprisonment of Plaintiff in that Defendant, Carter, intended to confine the Plaintiff within boundaries fixed by the Officer; the Officer's acts directly or indirectly resulted in such a confinement; and that the Plaintiff was conscious of the confinement and was harmed by it.

61. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has suffered injuries which include, but are not limited to, the following: false arrest; detention against his will without legitimate basis; loss of personal freedom; fear and anxiety; anxiety attacks; depression; sleeplessness; severe emotional distress; damage to nerves and nervous system; emotional pain and suffering; loss of earnings and earning potential; injury to her reputation as a citizen; embarrassment; psychological injury; loss of time dedicated to defending the frivolous charges; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on her for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

62. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has or may suffer a severe loss of earnings and impairment of earning power and capacity.

63. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has suffered medically determinable physical and/or mental impairment which prevents the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

64. As a direct result of the Defendants' actions and/or failure to act Plaintiff, has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

65. As a direct result of the Defendants' actions and/or failure to act, Plaintiff, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages, jointly and severally, together with attorney fees and costs, pre and post judgment interest. Plaintiff hereby certifies pursuant to Local Civil Rule 53.2 §3(c)(2) that the value of Plaintiff's claim is in excess of $150,000.00.

## V. JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

Dated: August 19, 2011

VILLARI, LENTZ & LYNAM, LLC

Thomas A. Lynam, III, Esquire

Leonard G. Villari, Esquire
Attorney ID #: 83817/68844
1600 Market Street, Suite 1800
Philadelphia, PA 19103
Phone: (215) 568-1990
Fax: (215) 568-9920
E-mail: tlynam@vll-law.com
lgvillari@vll-law.com
Attorneys for Plaintiff